[859 NYS2d 885]

In the Matter of ALLITHEA E. KILLEEN, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 3, 2008

**APPEARANCES OF COUNSEL**

*Roderick Quebral, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Richard T. Sullivan*, Buffalo, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 17, 1984, and maintains an office for the practice of law in Orchard Park. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from her representation of the purchasers in a real estate transaction. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Following the hearing, the Referee filed a report, which the Grievance Committee moves to confirm in part and disaffirm in part. Respondent cross-moves to confirm the report and to dismiss the petition.

The Referee found that, upon respondent's request, the attorney for the sellers prepared two deeds and two sets of closing documents for the real estate transaction in question. The Referee further found that, upon the closing, respondent altered the deeds and closing documents by changing the consideration recited in both deeds and by changing the grantees named in one deed and one set of closing documents to persons who had not been parties to the transaction. Respondent then filed the paperwork with the County Clerk. Additionally, the Referee found that, while the transaction was pending, respondent made an unauthorized telephone contact with one of the sellers. Finally, the Referee concluded that, when respondent unilaterally altered the deeds and closing documents, she was not attempting to deceive anyone.

We confirm the factual findings made by the Referee. We disagree, however, with the conclusion of the Referee that respondent was not attempting to deceive anyone by her actions. Respondent misrepresented the nature of the transaction by altering the deeds and closing documents and then made that misrepresentation a matter of public record by filing them. We conclude that respondent violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (3) (22 NYCRR 1200.3 [a] [3])—engaging in illegal conduct that adversely reflects on her honesty, trustworthiness or fitness as a lawyer;

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on her fitness as a lawyer; and

DR 7-104 (a) (1) (22 NYCRR 1200.35 [a] [1])—communicating during the course of the representation of a client on the subject of the representation with a party the lawyer knows to be represented by a lawyer in the matter.

We have considered the matters submitted by respondent in mitigation, including that she derived no personal benefit from the misconduct, no party was harmed by the misconduct, and she believed that she was acting at all times in accordance with the wishes of her clients. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

HURLBUTT, J.P, SMITH, CENTRA, PERADOTTO and GORSKI, JJ., concur.

Order of censure entered.