[932 NYS2d 395]

In the Matter of JOHN A. CAPPELLINI, JR., an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, November 10, 2011

APPEARANCES OF COUNSEL

*Guy C. Giancarlo, Associate Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Lawrence J. Vilardo*, Buffalo, for respondent.

## OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 18, 1998, and maintains an office in the Village of Cuba. The Grievance Committee filed a petition charging respondent with acts of professional misconduct arising from a real estate transaction in which he represented both the buyer and one of the sellers. Respondent filed an answer admitting the material allegations of the petition and thereafter appeared before this Court and submitted matters in mitigation.

Respondent admitted that, in 2008, he was retained to represent one of three joint tenants in relation to the sale of certain real property. The other two joint tenants proceeded without counsel. After a potential buyer came forward in August 2008, all three joint tenants executed a deed and related tax forms, which had been prepared by respondent in anticipation of a closing. The potential buyer was thereafter unable to obtain financing and the transaction did not close. In October 2009, respondent's client agreed to sell the property to a different individual and, in addition to representing his current client as one of the sellers of the property, respondent also agreed to represent the buyer. Although respondent obtained the consent of both clients to represent their differing interests in the transaction, he did not provide them with written confirmation of their consent as required by the Rules of Professional Conduct (22 NYCRR 1200.00). In addition, without contacting the other two joint tenant owners of the property, respondent altered the documents that had been executed in 2008 and used them to effectuate the sale of the property. Respondent thereafter filed the altered documents with the County Clerk.

We conclude that respondent has violated the following Rules of Professional Conduct:

rule 1.7 (a) (1) (22 NYCRR 1200.0)—representing multiple clients with differing interests without disclosing the implications of the simultaneous representation and obtaining from each affected client informed consent to the representation, confirmed in writing;

rule 8.4 (b) (22 NYCRR 1200.0)—engaging in illegal conduct that adversely reflects on his honesty, truthfulness or fitness as a lawyer;

rule 8.4 (c) (22 NYCRR 1200.0)—engaging in conduct that involves dishonesty, fraud, deceit or misrepresentation; and,

rule 8.4 (h) (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer.

We have considered, in determining an appropriate sanction, respondent's submissions in mitigation, including that he derived no personal benefit from the misconduct. Additionally, we have considered the statement of respondent that, when he filed the altered documents with the County Clerk, he believed they accurately reflected the intent of all parties to the transaction. Finally, we have considered respondent's expression of remorse and the numerous letters of support submitted by individuals attesting to his good character and standing in the community. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured (*see Matter of Killeen*, 54 AD3d 95 [2008]).

CENTRA, J.P., PERADOTTO, LINDLEY and GREEN, JJ., concur.

Order of censure entered.