OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law by this Court on February 17, 1984. During the time period relevant to this proceeding, she maintained an office for the practice of law in either the Town of Orchard Park or the Town of Boston. The Grievance Committee filed a petition alleging five charges of misconduct against respondent, including failing to comply with various disciplinary rules regarding business transactions with clients and the maintenance of trust account funds and required records. Respondent filed an answer denying certain material allegations of the petition, and this Court appointed a Referee to conduct a hearing. During the proceeding before the Referee, the Grievance Committee withdrew charge four and the parties entered into a stipulation resolving all outstanding factual issues with respect to the remaining charges of misconduct. In April 2013, the Referee filed a report setting forth factual findings based upon the admissions contained in respondent’s answer and the stipulation of the parties. This Court subsequently granted the Grievance Committee leave to file a supplemental petition and, in July 2013, the Grievance Committee filed a sixth charge of misconduct against respondent. Charge six alleges that, on April 1, 2013, respondent made misrepresentations to the clerk of Marilla Town Court regarding a matter pending before that court. Respondent filed an answer denying material allegations of the supplemental petition, and this Court appointed a Referee to conduct a hearing. A hearing was held in October 2013, and the Referee thereafter filed a supplemental report sustaining charge six. The Grievance Committee moves for an order confirming the report and supplemental report of the Referee. Respondent cross-moves for an order dismissing the petition, vacating the supplemental report of the Referee, and dismissing the supplemental petition. Respondent appeared before this Court on the return date of the motion and cross motion, and she was heard in mitigation at that time.
*139 With respect to charge one, the Referee found that, in September 1999, respondent and her law partner borrowed from a client funds in the amount of $200,000 and executed a corresponding note payable and mortgage in favor of the client in order to purchase certain real property for the site of their law office. The Referee additionally found that, prior to 2002, respondent and her law partner borrowed from the client an additional $80,000 pursuant to an undated note payable. The Referee found that, in January 2002, respondent issued three trust account checks to the client in a total amount in excess of $350,000 and that, on the day those checks were issued, the client executed a discharge of mortgage with respect to the initial $200,000 loan. The Referee further found that, despite respondent’s apparent satisfaction of the initial loan and the client’s discharge of the related mortgage, respondent thereafter sought additional loans from the client and, as part of the inducement for those additional loans, respondent represented to the client that the prior mortgage would secure repayment of the loans. The Referee found that, from 2003 through 2006, respondent borrowed additional funds from the client pursuant to a series of written loan agreements, certain of which provided that the 1999 mortgage secured repayment of the loan. The Referee found that, with respect to each of the aforementioned business transactions with her client, respondent failed to obtain informed consent from the client, confirmed in writing, regarding respondent’s inherent conflict of interest in the transaction.
With respect to charge two, the Referee found that, after 2006, a dispute arose between respondent and the client whether respondent had fully repaid the aforementioned loans. The Referee found that the client retained separate counsel and that, although respondent on several occasions during 2009 requested that her former client execute a discharge of the 1999 mortgage, the client refused to execute a mortgage discharge on the ground that respondent had failed to repay the loans that were secured by the mortgage. The Referee found that, in June 2010, without notice to her former client or the former client’s counsel, respondent filed with the Erie County Clerk the discharge of mortgage that had been executed by the client in 2002.
With respect to charge three, the Referee found that, from 2003 through 2010, respondent deposited into her trust account the funds that respondent borrowed pursuant to the loan agreements at issue in charge one, and she issued certain trust ac *140 count checks to make loan payments to the client. The Referee additionally found that respondent issued numerous trust account checks to pay personal expenses such as utility bills and credit card bills, and she issued at least five trust account checks payable to cash, rather than a named payee.
With respect to charge five, the Referee found that, from May 2005 through October 2006, respondent filed with the Erie County Clerk two deeds and two discharges of mortgage, which respondent had notarized without requiring the signatory to appear before her.
As noted above, the Referee’s factual findings concerning charge six are based upon evidence received during a hearing on that charge. The Referee found that, in November 2012, the Town of Marilla issued to the aforementioned former client of respondent an appearance ticket concerning alleged housing code violations at the former client’s home. Respondent’s former client had retained counsel in the matter, and Marilla Town Court had scheduled a trial for April 2, 2013. The Referee found that, on March 28, 2013, respondent sought information concerning the code violation matter from the code enforcement officer for the Town of Marilla, who advised respondent to contact Marilla Town Court. The Referee found that, on April 1, 2013, respondent contacted Marilla Town Court and left a voice message for a court clerk wherein respondent identified herself as an attorney for the former client, stated that the client had told respondent about the code violation matter, and requested information regarding the matter, including a confirmation of the trial date. The Referee found that the court clerk returned respondent’s call and, believing that respondent was the attorney for the client in the pending matter, agreed to scan and email to respondent copies of certain documents from the court’s file regarding the matter. The Referee made an advisory finding in relation to charge six that respondent had, inter alia, engaged in conduct involving dishonesty and deceit in violation of the disciplinary rules.
We confirm the factual findings of the Referee and conclude that respondent has violated the following former Disciplinary Rules of the Code of Professional Responsibility and the following Rules of Professional Conduct:
DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4]) and rule 8.4 (c) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engag-ing in conduct involving dishonesty, fraud, deceit or misrepresentation;
*141 DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]) and rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engag-ing in conduct that is prejudicial to the administration of justice; and
DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) and rule 8.4 (h) of the Rules of Professional Conduct (22 NYCRR 1200.0)—engag-ing in conduct that adversely reflects on her fitness as a lawyer.
We further conclude that respondent has violated the following former Disciplinary Rules of the Code of Professional Responsibility, which were in effect prior to April 1, 2009:
DR 5-104 (a) (22 NYCRR 1200.23 [a])—entering into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise professional judgment therein for the protection of the client without disclosing the terms of the transaction to the client in writing and without obtaining in writing the consent of the client to those terms and to her inherent conflict of interest in the transaction;
DR 9-102 (a) (22 NYCRR 1200.46 [a])—commingling client funds with personal funds; and
DR 9-102 (e) (22 NYCRR 1200.46 [e])—making withdrawals from a special account payable to cash and not to a named payee.
Although the Grievance Committee alleges in the petition that respondent violated certain additional former Disciplinary Rules, we decline to sustain those alleged violations inasmuch as they either relate to charge four, which has been withdrawn, or are otherwise not supported by the record.
We deny respondent’s cross motion to dismiss the petition and supplemental petition inasmuch as the findings of the Referee challenged by respondent are either supported by respondent’s admissions in this proceeding or constitute credibility determinations that are supported by the record.
In determining an appropriate sanction, we have considered respondent’s statements in mitigation, which include her expression of remorse and her statement that she falsely notarized the documents at issue in charge five as an accommodation to a disabled client. We have additionally considered, however, respondent’s disciplinary history, which includes two letters of caution and a prior censure imposed by this Court (Matter of Killeen, 54 AD3d 95 [2008]). We have further considered that respondent engaged in the conduct that gave rise to this matter over an extended period of time, and that *142 much of the misconduct involved dishonesty or self-interest. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for a period of one year.
Centra, J.E, Peradotto, Lindley and Whalen, JJ., concur.
Order of suspension entered.